**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | No. 2:24-mc-197-KFW<br><br>**Filed Under Seal** |

**APPLICATION OF THE UNITED STATES**
**FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)**

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google LLC ("Google"), an electronic communications service provider headquartered at 1600 Amphitheater Parkway, Mountain View, California, to disclose certain records and other information pertaining to the Google account, as described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

**LEGAL BACKGROUND**

1.  Google is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15). Accordingly, the United States may use a court order issued under § 2703(d) to require Google to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.  This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

1

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

1. Anthony Coleman ("Coleman") was initially charged by complaint with a number of firearms offenses on July 15, 2023. *See United States v. Coleman, et al.,* Dkt. 3, 2:23-mj-200-KFW. A warrant was issued for Coleman's arrest on the same day. *See id.* Dkt. 7. Although Coleman's co-defendants were arrested shortly thereafter, Coleman remained at large.

2. On December 20, 2023, the grand jury indicted Anthony Coleman ("Coleman") and Lonnel Diggs on one count of conspiracy to commit firearms offenses in violation of 18 U.S.C. § 371, multiple counts of aiding and abetting false statements to a federal firearms dealer, in violation of 18 U.S.C. §§ 922(a)(6) and 2, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). *United States v. Anthony Coleman, et al.,* Dkt. 53, 2:23-cr-134-NT.

3. In a nutshell, the Indictment alleges that Coleman, Diggs and others conspired to illegally purchase a number of firearms in the District of Maine between March 1, 2022, and July 30, 2022, and then illegally transport some of those firearms from Maine to California, where they were shared with and/or distributed to members

of a gang with which Coleman and Diggs were associated (to wit, the Crips gang in southern California).

4. Despite numerous attempts, law enforcement has not been able to locate and arrest Coleman. According to Deputy U.S. Marshal Spencer Christie of the United States Marshals Service, Coleman's precise whereabouts are currently unknown.

5. Deputy U.S. Marshal Christie reports that his investigation reveals that Coleman is most likely in California (which is where Coleman is from).

6. The United States Marshals Service has identified the Gmail account [deviososeventimes@gmail.com](mailto:deviososeventimes@gmail.com) as an email account associated with Coleman. (Notably, this same Gmail address was associated with Coleman's Facebook account, which the government obtained pursuant to a search warrant during the course of the investigation.)

7. Based upon his training and experience, Deputy U.S. Marshal Christie believes that the information described in Attachment A is relevant and material to the ongoing investigation, including efforts to locate Coleman and effectuate his arrest.

   a. For example, subscriber information may identify residential or business addresses associated with Coleman, which would assist agents in physically locating him. Information regarding email addresses, associated accounts, and telephone and instrument numbers may provide additional avenues of investigation, such as identifying other accounts about which, or other service providers from whom, to request information. Connection records may identify individuals with whom Coleman has regular contact. Session records, temporarily assigned network addresses, and other subscriber numbers or identities may provide necessary information for

agents to seek records from service providers about accounts and/or routers assigned particular Internet Protocol ("IP") addresses at given dates and times. Records regarding accounts and/or routers assigned IP addresses may also demonstrate patterns of living that suggest or identify locations frequented by Coleman. Means, source of payment for services, and billing records may assist in identifying physical addresses associated with Coleman and entities—such as banks or credit card companies—that may possess additional records relevant and material to the investigation.

b. Records of user activities may assist in identifying patterns of living, individuals with whom Coleman has regular contact, and IP addresses associated with connections to or from the Gmail account. Similarly, information regarding—but not including the contents of—communications sent to or received by the Account may assist in identifying patterns of living, individuals with whom Coleman has regular contact (including associated email addresses, IP addresses, and/or phone numbers), and IP addresses associated with communications sent from or to the Instagram account. As indicated above, such IP addresses may provide necessary information for agents to seek records from service providers about accounts and/or routers assigned particular IP addresses at given dates and times.

## REQUEST FOR ORDER

8. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

Specifically, these items will help the United States to locate and apprehend Anthony Coleman on the outstanding arrest warrant, so that he can be brought to trial on the pending Indictment. Accordingly, the United States requests that Google be directed to produce all items described in Part II of Attachment A to the proposed Order.

9. The United States further requests that the Order require Google not to notify any person, including the subscriber of the account listed in Part I of Attachment A, of the existence of the Order for a period of ninety (90) days from the date of the Order. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

10. In this case, such an order would be appropriate because the requested court order relates to an ongoing criminal investigation, including efforts to locate Coleman and effectuate his arrest. Though we believe that Coleman is aware of the federal investigation and may assume that there are ongoing efforts to locate him, Coleman may not know that the United States Marshals Service is actively seeking his location or be aware of the steps that the United States Marshals Service is taking to do so. If Coleman is notified of the Court's order to Google, it will confirm the involvement of the Marshals Service and ongoing steps they are presently taking, giving Coleman an opportunity to continue flight from prosecution and change patterns of behavior, including by modifying or deleting social media and messaging accounts (if he has not already done so). Accordingly, there is reason to believe that notification of the existence of the requested court order will seriously jeopardize the investigation, including by

giving Coleman an opportunity to continue flight from prosecution, destroy or tamper with evidence, or change patterns of behavior.

    11.    The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is not fully known to Coleman. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Dated:  May 7, 2024                         Respectfully submitted,

                                            DARCIE N. MCELWEE
                                            United States Attorney

BY:    */s/ Sheila W. Sawyer*
        Assistant United States Attorney
        United States Attorney's Office
        100 Middle Street
        East Tower, 6th Floor
        Portland, Maine 04101
        (207) 780-3257
        sheila.sawyer@usdoj.gov